UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JEROME MICHAEL OWENS,                           )
                                                )
                    Plaintiff,                  )
                                                )
            v.                                  )      No. 2:17-cv-00462-WTL-MPB
                                                )
ROBERT E. CARTER Jr.,                           )
Commissioner/I.D.O.C.,                          )
TERESA LITTLEJOHN Executive Assistant,          )
D. RUSSELL Major, Shift Supervisor,             )
G. MCMILLIN Lieutenant, SCU/Zone Supervisor,    )
HILL C.O., Correctional Officer,                )
REED C.O., Correctional Officer,                )
FRANK LITTLEJOHN Assistant Supt. of Opps.,      )
                                                )
                    Defendants.                 )

**Entry Granting *In Forma Pauperis* Status,
Screening and Dismissing Complaint,
and Directing Plaintiff to Show Cause**

I.  *In Forma Pauperis* Status

Plaintiff Jerome Michael Owens' renewed motion for leave to proceed *in forma pauperis*,

Dkt. No. 7, is **granted**. The assessment of even an initial partial filing fee is not feasible at this

time. Notwithstanding the foregoing ruling, plaintiff owes the filing fee. "All [28 U.S.C.] § 1915

has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for

other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d

1023, 1025 (7th Cir. 1996).

**II. Screening of the Complaint**

A.      Legal Standard

Because plaintiff is a prisoner, the complaint is subject to the screening requirements of

28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within

a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (Quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

B.      Plaintiff's Complaint

Owens, an inmate incarcerated at the Wabash Valley Correctional Facility, slipped and fell on a patch of ice on January 14, 2017, while being escorted from an outside recreation pad. He contends first that prison officials violated his Eighth Amendment rights when they were deliberately indifferent to the icy conditions at the prison, exposing him to an unreasonable risk of serious harm. Second, Owens contends that prison officials were negligent in their duty to provide him with safe environmental conditions and that they exposed him to a hazardous condition.

Finally, in his third ground for relief, Owen contends that prison officials have attempted to minimize the seriousness of their breach of the duties owed to him.

C.      Discussion

Only Owens' first ground for relief presents a federal constitutional question – whether the complaint presents a viable Eighth Amendment deliberate indifference claim.

To state a claim for deliberate indifference to his conditions of confinement Owens must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). First, the alleged condition or deprivation must be objectively serious. The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *accord Jamison–Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

Owens' factual assertions in the complaint do not suggest a substantial risk of serious harm that reflects the deliberate indifference required to impose liability under 28 U.S.C. § 1983. Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Courts have consistently held that while correctional officials must use ordinary care to protect prisoners from unreasonable risks, they cannot be expected "to provide them with a risk-

free environment." *Dunne v. United States*, 989 F.2d 502 (7th Cir. 1993); *see e.g., Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001) ("[F]ailing to provide a maximally safe environment, one completely free from . . . safety hazards, is not [a constitutional violation]."). At most, Owens suggests that defendants may have been negligent, but negligence alone is not enough to support a claim of deliberate indifference. *Daniels v. Williams*, 474 U.S. 327, 332 (1986); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

It is therefore no surprise that federal courts are consistent in holding that slip-and-fall incidents, whether on ice, water, or slippery floors, do not meet the deliberate indifference standard of Eighth Amendment conditions of confinement claims. *See White v. Tyszkiewicz*, 27 F. App'x 314, 315 (6th Cir.1994) (affirming dismissal of prisoner's civil rights complaint arising from slip and fall on ice); *Brown v. Lafler*, No. 07-14955, 2008 WL 4937951, *2 (E.D. Mich. Nov.13, 2008) (Cohn, J. adopting magistrate judge's report finding that prisoner's complaint of injury arising from failure to clear icy prison walkway did not state an Eighth Amendment claim); *accord Atkins v. Sheriff's Jail Avoyelles Parish*, 278 F. App'x 438, 439 (5th Cir. 2008) (upholding dismissal of slip and fall complaint as frivolous and for failure to state a claim); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (ruling that plaintiff failed to show that standing water problem known to prison officials posed substantial risk of serious harm); *Bell v. Ward*, 88 F. App'x 125, 127 (7th Cir. 2004) (wet floors do not pose a substantial risk of serious harm); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not even state an arguable claim for cruel and unusual punishment"). As explained by another court, "[s]imply put, a slip and fall, without more, does not amount to cruel and unusual punishment. . . . Remedy for this type of

injury, if any, must be sought in state court under traditional state tort law principles." *Reynolds*, 370 F.3d at 1031 (*quoting Mitchell v. West Virginia*, 554 F. Supp. 1215, 1217 (N.D. W. Va. 1983)).

Accordingly, Owens' first ground for relief is **dismissed** for failure to state a claim upon which relief can be granted. The second asserted ground for relief presents a state law negligence question which cannot proceed in federal court without a federal jurisdictional basis. There is none. The second ground for relief is therefore **dismissed** for lack of subject matter jurisdiction. The third ground for relief does not state a legal claim for any kind of relief. The third ground for relief is therefore **dismissed** for failure to state a claim upon which relief can be granted.

## III. Opportunity to Show Cause

Owens' first and third grounds for relief are dismissed for failure to state claim upon which relief can be granted. 28 U.S.C. § 1915A. The second ground for relief arguably states a claim in negligence, but without a federal jurisdictional basis, it cannot proceed in this Court. It is therefore dismissed. Plaintiff shall have through November 15, 2017, in which to show cause why this action should not be dismissed and judgment entered for defendants. The failure to show cause by that deadline will result in the dismissal of this action and the entry of judgment against plaintiff and for defendants.

**IT IS SO ORDERED**.

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 10/18/17

Distribution:

Jerome Michael Owens
104918
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only